Filed 10/30/20  City of Fairfield v. Dayton CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| CITY OF FAIRFIELD et al.,<br><br>　　Plaintiffs, Cross-defendants and Respondents,<br><br>v.<br><br>EDWARD R. DAYTON,<br><br>　　Defendant, Cross-complainant and Appellant. | A156976<br><br>(Solano County Super. Ct. No. FCS048898) |

Cross-complainant Edward R. Dayton appeals the judgment entered in favor of cross-defendants City of Fairfield and the City of Fairfield Police Department (collectively the city), and individual cross-defendant City Building Official David Doyle on Dayton's cross-complaint for damages arising out of the city's abatement of a public nuisance on Dayton's property. [1] We conclude that the trial court properly sustained without leave to amend a demurrer to the majority of Dayton's claims, including but not limited to, those claims based on alleged violations of the United States and California Constitutions. However, the complaint sufficiently alleges a claim for

---

[1] Although the cross-complaint also names former City Code Enforcement Supervisor David James as an individual defendant, it does not appear that he appeared in the proceedings and he is not named in the judgment.

1

conversion under state law against the city. Accordingly, we reverse the judgment and remand for limited proceedings on Dayton's conversion claim.

## Background

According to the cross-complaint, in June 2016, James issued Dayton a preliminary order to abate a public nuisance on his residential property. In July 2016, James inspected the property under a warrant issued by a Solano County Superior Court judge. Following the inspection, the city held a nuisance abatement hearing, at which the hearing officer issued an order to abate the public nuisance. In August 2016, the abatement order was upheld following Dayton's appeal to the city council.

In September 2016, the city applied for and obtained an abatement warrant from the Solano County Superior Court authorizing the city to enter onto Dayton's property and "abate any and all violations and hazards, including but not limited to storage on unimproved surfaces, an accumulation of trash and debris, an accumulation of solid waste, abandoned furniture, and encroachment onto city property."

Over the course of three days in September, James executed the abatement warrant at Dayton's property, removing and disposing of Dayton's items stored throughout the front, back and side yards of the property.

In December 2016, the city obtained an inspection warrant based on James's declaration that during the abatement in September he observed evidence of a rodent infestation at the property. In January 2017, after the inspection, Doyle issued a notice of restricted entry. The notice was appealed, resulting in a stay of enforcement.

In May 2017, the city filed the present action against Dayton seeking an injunction enjoining him from maintaining his property as a public nuisance. Thereafter, Dayton filed a cross-complaint alleging 12 causes of

2

action for various violations of federal and state law arising out of the city's seizure of his personal property during the abatement in September 2016 and the issuance of the notice of restricted entry in December 2016.

The trial court sustained the city's demurrer without leave to amend on the grounds that the cross-defendants are immune from liability for the alleged violations of federal law and that the cross-complaint fails to allege a cause of action under state law.

Following trial on the city's action, the trial court entered judgment in favor of the city and issued an injunction enjoining Dayton from maintaining a public nuisance on his property. Dayton timely filed a notice of appeal.

## Discussion

On appeal, Dayton challenges only the court's order sustaining the demurrer without leave to amend as to causes of action 1 through 8 and 10.[2] "The function of a demurrer is to test the sufficiency of the complaint by raising questions of law. [Citation.] Demurrers are treated as admitting the truthfulness of all properly pleaded factual allegations of the complaint, but not of its contentions, deductions or conclusions of law. [Citations.] In ruling on a demurrer, the court is entitled to consider matters which may be judicially noticed. [Citation.] [¶] A general demurrer should not be sustained without leave to amend if the complaint, liberally construed, states a cause of action on any theory." (*Lopez v. City of Oxnard* (1989) 207 Cal.App.3d 1, 6–7.)

---

[2] Dayton's conclusory statement that "his right to privacy in his complaint [cause of action 9] was also violated by [Code Enforcement Supervisor] David James during the abatement by allowing private contractors to photograph appellant's curtilage areas without appellant's permission" is insufficient to challenge the court's ruling on the ninth cause of action. The opening brief includes no arguments regarding the eleventh and twelfth causes of action.

3

### 1. Causes of Action 1 through 7

The first seven causes of action allege that during the execution of the abatement warrant, the city's contractor, while under James's supervision and direction, unlawfully removed and permanently disposed of certain items of personal property that were stored within the curtilage of his property "not in public or private view and stored on an improved surface." The cross-complaint alleges that James did not use "due care" in execution of the abatement warrant and that the removal of the identified personal property was not authorized by the warrant as these items were not stored in violation of the city's nuisance statute.

The cross-complaint appears to allege three theories of liability based on James's failure to use "due care" in executing the warrant: a state law claim for conversion; a claim for violation of his federal civil rights (42 U.S.C. § 1983)[3]; and a claim for unlawful search and seizure and violation of the right to due process under sections 7 and 13 of Article 1 of the California Constitution.

#### a. *Conversion*

" ' " 'The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages.' " ' " (*Hodges v. County of Placer* (2019) 41 Cal.App.5th 537, 551.) The city may be held vicariously liable for injury proximately caused by James acting within the scope of his employment. (Gov. Code, § 815.2, subd. (a).)

On appeal, the city argues, "[T]the warrants issued by Solano County Superior Court judges were all valid. The City abated nuisances under these

---

[3] All references to section 1983 are to title 42 of the United States Code.

4

lawful warrants. Dayton cannot establish that Respondents' disposal of his junk and trash was wrongful." While Dayton's cross-complaint is undoubtedly confusing, reasonably understood, it faults James not merely for executing the warrant, but for failing to distinguish between items that were properly subject to abatement as a nuisance under the terms of the warrant and items that should have been left behind.[4]

The cross-complaint alleges that specific items were wrongly removed because those items were not stored in a manner that violated the city's public nuisance code, the removal of which therefore was not authorized by the abatement warrant. As relevant here, the city's public nuisance statute declares the following to be a public nuisance: "[a]n accumulation of lumber, junk, garbage, trash, debris, salvage materials which are visible from public or private property or otherwise in violation of this code" (Fairfield Mun. Code, § 27.401, subd. (f)); "[a]bandoned, discarded or unused furniture, appliances, sinks, toilets, cabinets or other fixtures or equipment stored in a place visible from public or private property" (Fairfield Mun. Code, § 27.401, subd. (g)); and "[p]arking of a vehicle, trailer, camper, or storage of other personal property on private property on other than a surface of asphalt, concrete, inter locking paving stones, brick, flagstone or other similar all weather material which would prevent the accumulation of weeds and other conditions which constitute a hazard" (Fairfield Mun. Code, § 27.401, subd. (n)). The cross-complaint alleges that each of the listed items were "not in public or private view" and were "stored on an improved surface."

---

[4] Dayton confirmed in the trial court that the validity of the warrant "is not what is at issue here. The issue here is David James . . . not 'exercising due care' in his execution of the warrant."

5

The city's argument on appeal does not meaningfully address the conversion theory.[5] In *Ogborn v. City of Lancaster* (2002) 101 Cal.App.4th 448, 462, the court recognized a claim for conversion under similar facts. In that case, tenants sued the city and individual city officials for conversion after the city demolished their rental home and its contents as part of a nuisance abatement program. (*Id.* at p. 453.) The court held that the city employee who issued the abatement warrant was immune for liability under Government Code section 820.2, but that the employee who executed the warrant was not. (*Id.* at p. 461.) The court further rejected the city's argument that it was immune under section 820.4 which provides, "A public employee is not liable for his act or omission exercising due care, in the execution or enforcement of any law." The court explained that "a question of fact exists as to whether [the employee's] reliance on the warrant constituted 'due care' with respect to the handling of the Ogborns' personal property. The Ogborns presented evidence that [the employee] stymied their efforts to save their personal property, and a trier of fact could find he failed to exercise due care when he ordered the bulldozers to go ahead without giving the Ogborns a chance to retrieve their belongings." (*Id.* at p. 462.)

Here, Dayton's complaint alleges a lack of due care sufficient to defeat the city's demurrer. Accordingly, the trial court erred in sustaining the city's

_____

[5] The city's failure to do so is curious because this is not the first litigation between the parties arising out of the abatement of a nuisance on Dayton's property. In *Dayton v. James* (June 5, 2014, A134881), a nonpublished opinion, another division of this court upheld rulings sustaining a demurrer to most of the causes of action in a similar cross-complaint against the city and affirming summary judgment in favor of the city on a conversion cause of action. The court noted that the conversion cause of action was not dismissed on demurrer because of the allegation that items were removed "from an area not specifically covered by the abatement warrant."

demurrer to the first through seventh causes of action insofar as they purport to allege a claim for conversion against the city. However, because these causes of action include no allegation regarding alleged misconduct by Doyle, the court properly sustained the demurrer to these claims as against him.

b. *Section 1983*

Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." To state a claim under section 1983, " ' "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." ' " (*Julian v. Mission Community Hospital* (2017) 11 Cal.App.5th 360, 384.)

As set forth above, the complaint does not allege any specific wrongdoing by Doyle under these causes of action. While the cross-complaint alleges that James failed to exercise due care in executing the abatement warrant, the city " 'cannot be held vicariously liable under section 1983 for [its] subordinate officers' unlawful acts." (*Julian v. Mission Community Hospital*, *supra*, 11 Cal.App.5th at p. 384.) While a city can be sued directly under section 1983 where " ' " 'the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted,' " ' " the complaint does not allege that the harm was caused by an official city act. (*Ogborn v. City of Lancaster*, *supra*, 101 Cal.App.4th at pp. 463-464, citing *Monell v. New York City Dept. of Social Services* (1978) 436 U.S. 658, 690.) Dayton is correct that the city's

7

resolution upholding the determination that the property constituted a nuisance is a "decision officially adopted." As discussed above, these causes of action do not challenge the validity of that decision, only the manner in which it was executed. Accordingly, the trial court correctly determined that the first seven causes of action fail to allege a section 1983 claim against the city.[6]

## 2. Cause of Action 8

The eighth cause of action alleges that on January 19, 2017, Doyle issued a "Notice of Restricted Entry" and thereafter, on February 8, 2017, James posted the notice on Dayton's property. Although the notice was stayed on February 16 after Dayton filed an appeal, Dayton allegedly was prevented from entering his home for eight days between February 8 and 16. The complaint alleges that the notice was issued in violation of Health and Safety Code section 17980, subdivisions (a) and (c)(1), and that the unlawful issuance of the notice amounted to an abuse of process and violation of his right to due process under the federal and state Constitutions. On appeal, Dayton clarifies that the eighth cause of action seeks to assert a section 1983 claim against Doyle based on his unlawful interference with his "right to 'Liberty' as guaranteed by the 5th and 14th Amendments to the United States Constitution."[7]

---

[6] Dayton's conclusory statement in his opening brief that James's actions are also actionable under the California Constitution is insufficient to preserve the issue on appeal. Accordingly, we affirm the trial court's finding that Dayton's first through seventh causes of action fail to state a claim for violation of his rights under the California Constitution.

[7] Dayton offers no argument regarding any purported liability of the city under section 1983. To the contrary, he acknowledges that "no administrative hearing nor any judicial hearing on the need to issue the

"Government officials enjoy qualified immunity from civil damages unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.' " (*Mitchell v. Washington* (9th Cir. 2016) 818 F.3d 436, 443.) "To be clearly established, a right must be sufficiently clear 'that every "reasonable official [would have understood] that what he is doing violates that right." ' " (*Reichle v. Howards* (2012) 566 U.S. 658, 664.)

Here, the cross-complaint alleges that Doyle violated his right to "liberty" by issuing the notice in violation of requirements of the Health and Safety Code. As discussed below, the notice itself demonstrates compliance with the statutory requirements.[8] Accordingly, Doyle is entitled to immunity because a reasonable official would not have understood that issuing the notice would violate Dayton's rights.

Subdivision (a) of Health and Safety Code section 17980 authorizes a city to abate a nuisance. Subdivision (c) authorizes the city to require vacating a building which it has determined to be a nuisance if it concurrently requires expeditious repair or abatement of the nuisance.[9] Here,

Restricted Entry Notice was held prior to the issuance of the notice (nor afterwards)."

[8] The city requested the trial court take judicial notice of the notice of restricted entry. Dayton did not oppose the request in the trial court and has not raised any argument regarding judicial notice on appeal.

[9] Health and Safety Code section 17980, subdivision (c) reads in relevant part: "(1) Whenever the enforcement agency has inspected or caused to be inspected a building and has determined that the building is a substandard building or a building described in Section 17920.10, the enforcement agency shall commence proceedings to abate the violation by repair, rehabilitation, vacation, or demolition of the building. The enforcement agency shall not require the vacating of a residential building unless it concurrently requires expeditious demolition or repair to comply with this part, the building standards published in the California Building

9

the notice states that entrance was being restricted because it had been determined that the house constituted a substandard building under Health and Safety Code section 17920.3, subdivision (a)(12) due to a rodent infestation. The notice indicates the city's intent to summarily abate the infestation pursuant to section 27.901 of the city's Municipal Code, which authorizes summary abatement if there exists a condition on the premises that poses an imminent threat to public health. Because the notice was issued in conformity with the governing statutes, Doyle is entitled to qualified immunity. Accordingly, the trial court properly found that the eighth cause of action fails to state a claim for relief under section 1983.[10]

### 3. Cause of Action 10

The tenth cause of action is largely incomprehensible. It alleges, "The [city's] application for and execution of 'Abatement Warrant 2275' was unlawful and was therefore a violation of [Dayton's] civil rights. [Fairfield Municipal Code] section 27.507(e) requires the hearing examiner to state the results of an inspection of . . . the property in the record and then give [the owner] the opportunity to rebut the facts and conclusions. This was not done as part of the 'Inspection Warrant 2230' and hearing conducted on 11 July 2016 . . . . The hearing examiner relied upon the facts of the inspection in order to draw his conclusions [on] which of the 'Preliminary Notice to Abate' violations were present, so as to issue an 'Order to Abate Nuisance' such nuisances. The facts and conditions used in the [housing enforcement] decision could not be lawfully used by him to make a determination as to the

---

Standards Code, or other rules and regulations adopted pursuant to this part."

[10] As with the prior causes of action, Dayton has waived his claims for violation of the California Constitution or other state law by failing to provide sufficient argument in his opening brief.

condition of [the] real property. This is a violation of due process under the United States Constitution Amendment 5 and 14. This is also actionable under the California Constitution Article 1 section 7." On appeal, Dayton clarifies that his claim is that the abatement order was issued in violation of his right to due process because (1) the hearing officer relied on inadmissible evidence and (2) he was not given notice and an opportunity to be heard with respect to the items at issue in the first seven causes of action which he asserts were not stored in violation of the city's nuisance statute.[11]

To maintain an action under section 1983 based on a violation of procedural due process, Dayton must allege that: (1) his property interest at stake is a protected property right under the Fourteenth Amendment, (2) the deprivation of the interest contravened notions of due process, and (3) state or administrative processes and remedies to redress the alleged violation are inadequate. (*Jefferson v. Jefferson County Pub. Sch. Sys.* (6th Cir.2004) 360 F.3d 583, 588 ["Plaintiff may not seek relief under Section 1983 without first pleading and proving the inadequacy of state or administrative processes or remedies to redress her due process violations."].) Dayton's cross-complaint does not allege, and cannot be amended to allege, that the administrative processes and remedies to redress the alleged violation are inadequate. The hearing officer's order was appealed to and affirmed by the city council. Dayton's failure to further challenge that decision precludes his section 1983

---

[11] Neither the allegations of the cross-complaint nor Dayton's argument on appeal suggest that Dayton was attempting to allege a section 1983 claim against Doyle. Accordingly, we consider the tenth cause of action as seeking relief against the city only.

claim. Accordingly, the trial court properly sustained without leave to amend the demurrer to the tenth cause of action.[12]

## Disposition

The judgment is reversed insofar as it dismissed Dayton's cross-claim for conversion against the city. On remand, limited proceedings should be permitted to resolve only Dayton's claim that James failed to exercise due care in the execution of the abatement warrant.


POLLAK, P. J.

WE CONCUR:

STREETER, J.
BROWN, J.

---

[12] Therefore it is unnecessary to address whether other elements of a section 1983 claim could properly be alleged under the circumstances.